**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TODD NEWTON,**

      **Plaintiff,**

**v.**                                    **CASE NO.:**

**APOLLO ELECTRICAL SERVICES,**
**INC., a Florida Profit Corporation, and**
**DONALD WYATT, individually.**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff TODD NEWTON, by and through the undersigned counsel, brings this action against Defendants, APOLLO ELECTRICAL SERVICES, INC., and DONALD WYATT ("Wyatt"), and in support thereof alleges:

## INTRODUCTION

1.  This is an action brought pursuant to the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981") for racial discrimination, the Florida Civil Rights Act of 1992, Fla. Stat. 760.01 *et seq*. ("FCRA"), and Title VII of the Civil Rights Act of 1964, as amended, by the Civil Rights Act of 1991, 42 U.S.C. 2000e *et seq.* ("Title VII"), and seeks to recover front pay, back pay, lost benefits, compensatory damages, damages for mental anguish and emotional distress, pain and suffering, punitive damages, injunctive relief, equitable relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled.

## PARTIES

2.    Defendant, APOLLO ELECTRICAL SERVICES, INC. ("AES"), is a Florida Profit Company, licensed and authorized to conduct business in the State of Florida.  At all material times hereto, Defendant conducted business in Florida.

3.    At all times material to this action, Wyatt was an officer of AES.

4.    At all times material to this action, Plaintiff was an "employee" as defined by the laws under which this action is brought.

5.    Plaintiff is an African American male.

6.    At all times material to this action, Defendants were and still are an "employer" as defined by the laws under which this action is brought.

7.    Plaintiff is an adult individual who resides in Orange County, Florida.

8.    Plaintiff worked for Defendants in its Orange, County location.

## JURISDICTION AND VENUE

9.    Jurisdiction of this matter arises under 28 U.S.C. §1331 with federal questions involving Section 1981 and Title VII.

10.    This Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. §1367.

11.    This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendants in Orange County, Florida.

12.    The illegal conduct complained of, and the resultant injury occurred, within the judicial district in and for Orange County, Florida.

## TITLE VII / FCRA STATUTORY PREREQUISITES

13.     Plaintiff is an African American male and suffered discrimination, was subjected to a hostile work environment, and was retaliated against due to complaints based on his race.  As such, he is a member of a class of individuals protected by 1981, Title VII and the FCRA.

14.     Plaintiff was qualified for his position of employment.

15.     Plaintiff suffered an adverse effect upon his employment by suffering repeated ridicule and harassment due to Plaintiff's race, specifically that he was African American (Black).

16.     Plaintiff suffered from differential application of work or disciplinary rules because Defendant treated Plaintiff differently on the basis of Plaintiff's protected class.

17.     Defendant AES meets the statutory criteria for coverage as an "employer" under Title VII and the FCRA.

18.     Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and the FCRA.

19.     Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 1, 2022, which is within 300 days of the last date of Defendant's alleged discriminatory and retaliatory conduct.  Plaintiff was issued a right-to-sue letter by the EEOC on March 1, 2024.  Therefore, this Complaint is being filed within 90 days of receiving his right to sue letter.

20.    Accordingly, Plaintiff has completed all other Title VII and FCRA requirements and all other prerequisites prior to bringing this lawsuit.

## FACTUAL ALLEGATIONS

21.    Plaintiff was employed with AES from August 1992, until his termination on March 30, 2022.

22.    Plaintiff was employed as a Foreman Supervisor with AES.

23.    Throughout Plaintiff's employment, he witnessed numerous discriminatory remarks made by Defendant, Donald Wyatt.

24.    Wyatt referred to several employees of different races as "camel jockeys," "wet backs," and "niggers."

25.    Between 2018 – 2022, I was told that I would be given a percentage of all copper salvaged from old generators that were being replaced, as long as I was willing to travel from Orlando to various job sites in South Florida, including Miami, Fort Lauderdale, West Palm Beach, and Boca Raton, among others.

26.    Instead, all salvaged copper was given to two White foremen and was not shared equally as promised.

27.    In January 2021, Plaintiff was told that "the reason Roderick Douglas, Eddie Douglas, and himself were chosen to remain in hot spots during the pandemic was because they had stronger immune systems from living in bad conditions from slavery."

28.    In March 2022, the same month that Plaintiff was terminated after almost thirty (30) years of employment with Defendants, Wyatt stated that "Blacks

4

were better off in slavery because without their slave masters, they wouldn't have food, shelter, or clothing, and that's why they fought for the south."

29.    Also in that same month, Wyatt was on the telephone with his girlfriend in Plaintiff's presence.

30.    During the phone call, Wyatt asked his girlfriend if she was going to a "house to suck some nigger's d*ck."

31.    After Wyatt hung up the phone with his girlfriend, Plaintiff told Wyatt how offensive he found Wyatt's statement to be and expressed how uncomfortable the statement made Plaintiff feel.

32.    Wyatt told Plaintiff if he did not like it, he could "f*cking leave."

33.     Plaintiff left for the day after Wyatt's comment.

34.    Shortly after, Plaintiff sent a text message to Wyatt about how the racist and discriminatory comments made him feel extremely uncomfortable with returning to work.

35.    Wyatt responded to Plaintiff's text message and admitted to having previously used the word "n*gger." Wyatt, a Caucasian male, then proceeded to tell Plaintiff, an African-American male, about the history of the word "n*gger" and how it is not offensive. See Exhibit 1 attached hereto.

36.    Wyatt further stated that it was "all the [B]lack people [that] used the word n****** … [because] they could not said [N]egro and shortened it to nigga," that "[B]lack people were fighting for the South [in the Civil War]," that "not every

[B]lack person was a slave," and that if "n***** is such a bad word to be used why do [B]lack's use it every day in conversation." *Id*.

37.     More disturbing is when Wyatt told Plaintiff that "if the N word make you change so much [then] maybe you should start a movement in your community to stop use of it.  That word will never go way because of your people.  If [W]hite people say it, right or wrong, no one should be offended."  *Id*.

38.     After that conversation, Wyatt retaliated against Plaintiff by not providing Plaintiff with any work hours.

39.     Plaintiff's hours had been consistent throughout the entirety of his employment with Defendant until he complained to Wyatt about the racist and discriminatory remarks/treatment he was enduring.

40.     As a result of not being scheduled, Plaintiff was terminated in or about March 2022, as that was the last month that he worked any hours for Defendants.

**COUNT I - ALL DEFENDANTS**
**DISCRIMINATION BASED ON RACE IN VIOLATION OF SECTION 1981**

41.     Plaintiff re-alleges and adopts paragraph 1 – 40 as though set forth fully herein.

42.     Plaintiff is a member of a protected class under Section 1981 due to his race.

43.     By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on the basis of his race in violation of Section 1981.

44. At all times material hereto, Defendants acted with malice and reckless disregard for Plaintiff's federally protected rights.

45. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer lost wages and benefits, mental anguish, distress, humiliation, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay in lieu of reinstatement and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Punitive damages;

    f. Injunctive relief;

    g. Prejudgment interest;

    h. Costs and attorney's fees; and,

    i. Such other relief as the Court may deem just and proper.

**COUNT II – ALL DEFENDANTS**
**HOSTILE WORK ENVIRONMENT BASED**
**ON RACE IN VIOLATION OF SECTION 1981**

46. Plaintiff re-alleges and adopts paragraph 1 – 40 as though set forth fully herein.

47. Plaintiff is a member of a protected class under Section 1981 due to his race.

48. Based on the described conduct above, Plaintiff was subjected to a hostile work environment based upon his race.

49. The above-described conduct was not welcomed by Plaintiff and was motivated by Plaintiff's race.

50. Defendants knew of the unlawful and harassing conduct and took no actions to prevent it.

51. The conduct was so severe and pervasive that a reasonable person would find the environment to be hostile and unwelcoming.

52. At all times material hereto, Defendants acted with malice and reckless disregard for Plaintiff's federally protected rights.

53. As a direct and proximate result of the environment described above, Plaintiff has suffered and continues to suffer loss of income and benefits, mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay in lieu of reinstatement and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Punitive damages;

    f. Injunctive relief;

    g. Prejudgment interest;

h.  Costs and attorney's fees; and,

i.  Such other relief as the Court may deem just and proper.

**COUNT III – ALL DEFENDANTS**
**RETALIATION IN VIOLATION OF SECTION 1981**

54.  Plaintiff re-alleges and adopts paragraph 1 – 40 as though set forth fully herein.

55.  Plaintiff is a member of a protected class under Section 1981 because of his race.

56.  Plaintiff suffered constant and severe ridicule from Defendants because of his race.

57.  The constant harassment from Defendants caused Plaintiff severe emotional distress.

58.  Plaintiff filed a complaint with Defendants about what he believed to be unlawful conduct and treatment he had experienced due to his race.

59.  As a result of those complaints, Defendants effectively terminated Plaintiff when it did not schedule him to work after his complaints.

60.  Defendants knew of, allowed, and even created the discrimination and harassment that Plaintiff was subjected to.

61.  At all times material hereto, Defendants acted with malice and reckless disregard for Plaintiff's federally protected rights.

62.     As a direct and proximate result of the events above, Plaintiff has suffered and continues to suffer loss of income and benefits, mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.  Back pay and benefits;

b.  Interest on back pay and benefits;

c.  Front pay in lieu of reinstatement and benefits;

d.  Compensatory damages for emotional pain and suffering;

e.  Injunctive relief;

f.  Prejudgment interest;

g.  Costs and attorney's fees;

h.  Punitive Damages; and,

i.  Such other relief as the Court may deem just and proper

**COUNT IV - AGAINST AES ONLY**
**TITLE VII - DISCRIMINATION BASED ON RACE**

63.     Plaintiff re-alleges and adopts paragraph 1 – 40 as though set forth fully herein.

64.     Plaintiff is a member of a protected class under Title VII due to his race.

65.     By the conduct described above, Defendant AES engaged in unlawful employment practices and discriminated against Plaintiff because of his race in violation of Title VII.

66.     At all times material hereto, Defendant AES acted with malice and reckless disregard for Plaintiff's federally protected rights.

67.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer lost wages and benefits, mental anguish, distress, humiliation, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.  Back pay and benefits;

    b.  Interest on back pay and benefits;

    c.  Front pay and benefits and/or lost earning capacity;

    d.  Compensatory damages for emotional pain and suffering;

    e.  Punitive Damages;

    f.  Injunctive relief;

    g.  Prejudgment interest;

    h.  Costs and attorney's fees; and

    i.  Such other relief as the Court may deem just and proper.

**COUNT V - AGAINST AES ONLY**
**FCRA - DISCRIMINATION BASED ON RACE**

68.     Plaintiff re-alleges and adopts paragraph 1 – 40 as though set forth fully herein.

69.     Plaintiff is a member of a protected class under the FCRA due to his race.

70.    By the conduct described above, Defendant AES engaged in unlawful employment practices and discriminated against Plaintiff because of his race in violation of the FCRA.

71.    At all times material hereto, Defendant AES acted with malice and reckless disregard for Plaintiff's federally protected rights.

72.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer lost wages and benefits, mental anguish, distress, humiliation, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits and/or lost earning capacity;

    d.    Compensatory damages;

    e.    Punitive Damages;

    f.    Injunctive relief;

    g.    Prejudgment interest;

    h.    Costs and attorney's fees; and

    i.    Such other relief as the Court may deem just and proper.

**COUNT VI - AGAINST AES ONLY**
**HOSTILE WORK ENVIRONMENT BASED**
**ON RACE IN VIOLATION OF THE FCRA**

12

73.    Plaintiff re-alleges and adopts paragraph 1 – 40 as though set forth fully herein.

74.    Plaintiff is a member of a protected class under the FCRA due to his race.

75.    Based on the described conduct above, Plaintiff was subjected to a hostile work environment based upon his race in violation of the FCRA.

76.    The above-described conduct was not welcomed by Plaintiff and was motivated by Plaintiff's race.

77.    The conduct was so severe and pervasive that a reasonable person would find the environment to be hostile and unwelcoming.

78.    Defendant AES knew of the unlawful and harassing conduct and took no actions to prevent it.

79.    At all times material hereto, Defendant AES acted with malice and reckless disregard for Plaintiff's rights under state law.

80.    As a direct and proximate result of the environment described above, Plaintiff has suffered and continues to suffer loss of income and benefits, mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

       a.    Back pay and benefits;

       b.    Interest on back pay and benefits;

       c.    Front pay and benefits and/or lost earning capacity;

d.    Compensatory damages;

e.    Punitive damages;

f.    Injunctive relief;

g.    Prejudgment interest;

h.    Costs and attorney's fees; and

i.    Such other relief as the Court may deem just and proper.

**COUNT VII - AGAINST AES ONLY**
**HOSTILE WORK ENVIRONMENT BASED**
**ON RACE IN VIOLATION OF TITLE VII**

81.    Plaintiff re-alleges and adopts paragraph 1 – 40 as though set forth fully herein.

82.    Plaintiff is a member of a protected class due to his race.

83.    Based on the described conduct above, Plaintiff was subjected to a hostile work environment based upon his race in violation of Title VII.

84.    The above-described conduct was not welcomed by Plaintiff and was motivated by Plaintiff's race.

85.    The conduct was so severe and pervasive that a reasonable person would find the environment to be hostile and unwelcoming.

86.    Defendant AES knew of the unlawful and harassing conduct and took no actions to prevent it.

87.    At all times material hereto, Defendant AES acted with malice and reckless disregard for Plaintiff's federally protected rights.

14

88.     As a direct and proximate result of the environment described above, Plaintiff has suffered and continues to suffer loss of income and benefits, mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

      a.     Back pay and benefits;

      b.     Interest on back pay and benefits;

      c.     Front pay and benefits and/or lost earning capacity;

      d.     Compensatory damages;

      e.     Punitive damages;

      f.     Injunctive relief;

      g.     Prejudgment interest;

      h.     Costs and attorney's fees; and

      i.     Such other relief as the Court may deem just and proper.

**COUNT VIII - AGAINST AES ONLY**
**RETALIATION IN VIOLATION OF THE FCRA**

89.     Plaintiff re-alleges and adopts paragraph 1 – 40 as though set forth fully herein.

90.     Plaintiff is a member of a protected class under Title VII because of his race.

91.     Plaintiff suffered constant and severe ridicule from Defendant AES because of his race.

15

92.    The constant harassment from Defendant AES caused Plaintiff severe emotional distress.

93.    Plaintiff filed a complaint with Defendant AES about what he believed to be unlawful conduct and treatment he had experienced due to his race.

94.    As a result of those complaints, Defendant AES effectively terminated Plaintiff when it did not schedule him to work after his complaints.

95.    Defendant AES knew of, allowed, and even created the discrimination and harassment that Plaintiff was subjected to.

96.    At all times material hereto, Defendants acted with malice and reckless disregard for Plaintiff's rights under state law.

97.    As a direct and proximate result of the events above, Plaintiff has suffered and continues to suffer loss of income and benefits, mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits and/or lost earning capacity;

d.    Compensatory damages;

e.    Punitive damages;

f.    Injunctive relief;

g.    Prejudgment interest;

h. Costs and attorney's fees; and

i. Such other relief as the Court may deem just and proper.

**COUNT IX - AGAINST AES ONLY**
**RETALIATION IN VIOLATION OF TITLE VII**

98. Plaintiff re-alleges and adopts paragraph 1 – 40 as though set forth fully herein.

99. Plaintiff is a member of a protected class under Title VII because of his race.

100. Plaintiff suffered constant and severe ridicule from Defendant AES because of his race.

101. The constant harassment from Defendants caused Plaintiff severe emotional distress.

102. Plaintiff filed a complaint with Defendant AES about what he believed to be unlawful conduct and treatment he had experienced due to his race.

103. As a result of those complaints, Defendant AES effectively terminated Plaintiff when it did not schedule him to work after his complaints.

104. Defendant AES knew of, allowed, and even created the discrimination and harassment that Plaintiff was subjected to.

105. At all times material hereto, Defendant AES acted with malice and reckless disregard for Plaintiff's federally protected rights.

17

106.    As a direct and proximate result of the events above, Plaintiff has suffered and continues to suffer loss of income and benefits, mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

       a.      Back pay and benefits;

       b.      Interest on back pay and benefits;

       c.      Front pay and benefits and/or lost earning capacity;

       d.      Compensatory damages;

       e.      Punitive damages;

       f.      Injunctive relief;

       g.      Prejudgment interest;

       h.      Costs and attorney's fees; and

       i.      Such other relief as the Court may deem just and proper.

PLAINTIFF hereby demands a jury trial for all issues.

Dated this 25th day of April, 2024.

               **/s/ JAMES J HENSON**
               James J Henson, Esq.
               Florida Bar No.: 77476
               Morgan & Morgan, P.A.
               20 N. Orange Avenue, Suite 1600
               Orlando, FL 32802
               Telephone (407) 428-6241
               Fax: (407) 245-3342
               Email: jjhenson@forthepeople.com
                       ssnider@forthepeople.com
               *Attorneys for Plaintiff*